UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES GRADY,<br>CDCR #T-71212,<br><br>                              Plaintiff,<br><br>vs.<br><br>RONQUILLO, Correctional Officer,<br><br>                              Defendant. | Civil No.   11cv0783 LAB (JMA)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)**<br><br>[ECF No. 9] |

I.

PROCEDURAL BACKGROUND

Charles Grady ("Plaintiff"), a prisoner currently incarcerated at Pleasant Valley State Prison in Coalinga, California, proceeding pro se and *in forma pauperis,* filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 13, 2011.  Plaintiff alleges that while he was housed at the Richard J. Donovan Correctional Facility ("Donovan") in 2010 and 2011 his constitutional rights were violated.

Defendant Ronquillo has filed a Motion to Dismiss pursuant to FED.R.CIV.P. 12(b) and 12(b)(6).  However, Plaintiff has failed to file an Opposition.  The Court has determined that Defendant's Motion is  suitable for disposition upon the papers without oral argument and that

no Report and Recommendation from Magistrate Judge Jan M. Adler is necessary. *See* S.D. CAL. CIVLR 7.1(d)(1), 72.3(e).

## II.

### FACTUAL ALLEGATIONS

In October and November of 2010, Plaintiff, while housed at Donovan, alleges that Defendant Ronquillo would destroy inmate administrate grievances. (*See* Compl. at 3.) As a result, Plaintiff was unable to properly resolve his grievances. (*Id.*) Plaintiff wrote an administrative grievance alleging that Defendant Ronquillo was "disrespectful" and Plaintiff claims that Ronquillo began to retaliate against him for filing a grievance against her. (*Id.*) Plaintiff further alleges that Ronquillo attempted to have Plaintiff "beat up" another inmate on her behalf. (*Id.*) When Plaintiff refused to start a fight, he alleges Ronquillo informed him that even though he did not currently have any enemies, she would "see that I would have some." (*Id.*) Plaintiff claims he also stopped receiving his halal religious meals as an act of retaliation by Ronquillo. (*Id.*) Plaintiff further alleges Ronquillo purposefully staged events so that fights would start among inmates. (*Id.*)

On one occasion, Plaintiff claims that the cell door of another inmate and Plaintiff's cell were purposefully left open so that they would engage in combat. (*Id.* at 4.) Inmate Newell is alleged to have "charged" at Plaintiff. (*Id.*) While this was happening, another correctional officer "yelled lock-down" but Ronquillo intervened and stated "let it happen, this is going to be a good one." (*Id.*) As another inmate was hitting Plaintiff, Plaintiff claims he was shot "with a block gun" four times. (*Id.* at 4-5.) Plaintiff claims that Ronquillo was known to set up fights among inmates. (*Id.* at 5.)

## III.

### DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)

As a preliminary matter, the Court will first consider Defendant's arguments that Plaintiff's Complaint should be dismissed for failing to exhaust available administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).

///

### A.   Standard of Review per FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a)

Defendant Ronquillo claims Plaintiff failed to exhaust available administrative remedies pursuant to 42 U.S.C. § 1997e(a) before bringing this suit, therefore, Ronquillo seeks dismissal under the "non-enumerated" provisions of FED.R.CIV.P. 12(b).  The Ninth Circuit has held that "failure to exhaust nonjudicial remedies is a matter of abatement" not going to the merits of the case and is properly raised pursuant to a motion to dismiss, including a non-enumerated motion under FED.R.CIV.P. 12(b).  *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) It is also well established that non-exhaustion of administrative remedies as set forth in 42 U.S.C. § 1997e(a) is an affirmative defense which defendant prison officials have the burden of raising and proving. *See Jones v. Bock,* 594 U.S. 199, 216 (2007); *Wyatt*, 315 F.3d at 1119.  However, unlike under Rule 12(b)(6), "[i]n deciding a motion to dismiss for failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Wyatt*, F.3d  at 1120.

### B.   Exhaustion of Administrative Remedies per 42 U.S.C. § 1997e(a)

The Prison Litigation Reform Act ("PLRA") amended 42 U.S.C. § 1997e(a) to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  "Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  42 U.S.C. § 1997e(a) has been construed broadly to "afford [ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case, *id.* at 525-26, and to encompass inmate suits about both general circumstances and particular episodes of prison life--including incidents of alleged excessive force. *Id.* at 532.  Finally, "[t]he 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained," "regardless of the relief offered through administrative procedures." *Booth v. Churner*, 532 U.S. 731, 738, 741 (2001); *see also McKinney v. Carey*, 311 F.3d 1198, 1200-01 (9th Cir. 2002).

///

1	The State of California provides its prisoners and parolees the right to administratively appeal "any departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the welfare of inmates and parolees." CAL. CODE REGS., tit. 15 § 3084.1(a) (2011). Prior to January 28, 2011, in order to exhaust available administrative remedies within this system, a prisoner would proceed through several levels: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. CAL. CODE REGS., tit. 15 § 3084.1(a) (2010). However, in January 2011, the process was changed. Following January 28, 2011, prison regulations no longer required an inmate to submit to informal resolution while the other remaining levels remain the same. CAL. CODE REGS. tit. 15 § 3084.5 (2011).

### C.   Application of 42 U.S.C. § 1997e(a) to Plaintiff's Case

Defendant Ronquillo argues that Plaintiff failed to exhaust his administrative remedies *prior* to filing this lawsuit. In support of her claim, Defendant provides the declaration of R. Cobb, Appeals Coordinator at Donovan. (*See* Defs. Mot, Cobb Decl. at ¶ 2.) Plaintiff was housed at Donovan from March 22, 2010 to April 13, 2011. (*Id.* at ¶ 8.) In Cobb's Declaration, he states that he reviewed all the administrative appeals submitted by Plaintiff while housed at Donovan. (*Id.* at ¶ 8.)

Plaintiff filed an administrative grievance on March 12, 2011 in which Plaintiff raised several grievances against Defendant Ronquillo that were related to the issues in Plaintiff's Complaint. (*Id.* at ¶ 9(b)). This grievance was classified as a staff complaint. (*Id.*) However, Cobb rejected this grievance on March 16, 2011 for failing to comply with the regulations. (*Id.* citing CODE REGS., tit. 15 § 3084.2(a)(2) and 3084.6(b)(5) (2011)). Specifically, Plaintiff's grievance exceeded the page limitation. (*Id.*) Plaintiff was sent a rejection letter by Cobb notifying Plaintiff that he had failed to comply with § 3084.6(b)(5). (*Id.*, Ex. C. Screening at First Level dated March 16, 2011). Plaintiff did "not attempt to re-submit the appeal." (*Id.*)

/ / /

/ / /

1 　　　　The Supreme Court has made clear that Plaintiff must "properly exhaust" his administrative remedies before filing a prison conditions action. In *Woodford v. Ngo*, 548 U.S. 81, 91 (2006), the Supreme Court held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 91.  The Court further held that "[proper exhaustion] means ... a prisoner must complete the administrative review process in accordance with the applicable procedural rules ... as a precondition to bring suit in federal court." *Id.*

　　　　Plaintiff has failed to rebut Defendant Ronquillo's showing that he failed to properly exhaust his administrative grievances prior to bringing this action. Thus, the Court **GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for failing to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).   This dismissal is without prejudice to permit Plaintiff to file a separate action once he has properly exhausted his administrative remedies. The Court will not address the remainder of Defendant's Motion as dismissal of the entire action without prejudice is warranted at this time.

### IV.
### CONCLUSION AND ORDER

　　　　Based on the foregoing, the Court hereby:

　　　　**GRANTS** Defendant's Motion to Dismiss Plaintiff's Complaint for failure to exhaust his administrative remedies pursuant to FED.R.CIV.P. 12(b) and 42 U.S.C. § 1997e(a).  This dismissal is without prejudice.

　　　　The Clerk of Court shall close the file.

　　　　**IT IS SO ORDERED.**

DATED: November 10, 2011

　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　HON. LARRY ALAN BURNS
　　　　　　　　　　　　　　　　　United States District Judge